## DAVIS v. STATE.
### No. A–11956.

Criminal Court of Appeals of Oklahoma.
May 12, 1954.

Quinn Dickason, Public Defender, Waldo E. Jones, Burns McCain, Tulsa, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Willie Davis, plaintiff in error, hereinafter referred to as defendant, was charged along with Steve Smith and Bennie Hudson, alias Bennie Smith, with robbery with firearms—conjoint, in information filed in the district court of Tulsa county, was tried separately from his co-defendants, found guilty and his punishment assessed at thirty-three years imprisonment in the State Penitentiary.

Appeal was perfected to this court by the Public Defender, Quinn Dickason, and Waldo E. Jones, by the filing of petition in error and casemade on June 23, 1953, but no brief in support of the petition in error has ever been filed, although extensions of time were granted in which to file brief.

■ This court has repeatedly held that under the circumstances as recited, this court is required to search the record only for fundamental error, and if none found, the case would be affirmed. Fitzgerald v. State, 77 Okl.Cr. 409, 142 P.2d 131; Lombness v. State, Okl.Cr., 243 P.2d 389.

We have examined the information, the instructions to the jury, and the requested instructions, and have given close study to the evidence.

The record shows that on motion of Waldo Jones, one of the attorneys for defendant, the accused was committed to the Taft State Hospital at Taft, Oklahoma, for a thirty-day period for mental observation and examination. The order was signed by District Judge Eben L. Taylor of Tulsa county, on 19 January, 1953.

Thereafter on 7 April, 1953 Burns McCain, new counsel for defendant, filed an affidavit relating to the sanity of the defendant. While it was alleged that the defendant was insane, the facts stated tended to show only that at the time of the commission of the alleged offense charged defendant was of insufficient mental development to know its wrongfulness, and that he was under the involuntary subjection of the parties charged as associates with him in the commission of the crime alleged.

Defendant's attorney on 20 April, 1953 when a jury was impanelled to ascertain the defendant's sanity, moved to withdraw his application for a sanity hearing, but this motion was overruled and the hearing before a jury proceeded and the jury heard evidence and thereafter returned a verdict finding defendant sane.

Following this the case came on for hearing before another jury, and defendant was tried separately from his co-defendants on April 21, 1953, and the jury returned a verdict as heretofore recited.

The State used some nine witnesses to show, and did show, that the defendant, along with one Steve Smith and Bennie Hudson, alias Bennie Smith, on December 3, 1952 in Tulsa County, appeared at the place of business of one Nate Avery in Tulsa, and each being armed with a firearm and by use of the same obtained from Nate Avery an assortment of jewelry including watches, diamond rings, one blue canvas zipper bag, one man's olive green overcoat, and $250 in money.

The evidence showed that Nate Avery's arms were tied with a rope and said defendant and his companions escaped with said property of Nate Avery using an automobile to aid them in getting away, and that moments after said persons left Nate Avery's place of business Avery rushed from his store yelling that he had been robbed, and Darrel Smith, who owned and operated a clothing store near Avery's store was on the street and on his way to breakfast and heard Avery yelling and saw three colored boys jump in a car and drive away, and he took the license number on the car and called the police.

The evidence further showed that defendant and his companions were soon thereafter arrested by the police. The police speedily found the car identified as being used by the persons committing the robbery, and thereafter the defendants were located in the nearby Small Hotel, and the stolen property was recovered.

The defense interposed by the defendant was that he was a retarded youth and undeveloped mentally for a boy eighteen years of age, and that he was under the coercive influence of his companions in committing the robbery.

The defendant made voluntary statements to the officers, admitting that he participated in the robbery with firearms. His testimony and that of his witnesses was simply to the effect that defendant did not have such mental development as to enable him to keep up with his classmates in school, and that he finally quit school at the age of sixteen years and although he was in the fifth grade at the time he could not carry on the work of that grade.

█ We have examined very carefully the instructions as given by the court, and two instructions requested by counsel for the defendant. While the court did not give the defendant's requested instructions as worded, the instructions actually given covered defendant's theory of defense: The court submitted to the jury the question of the sanity of the defendant at the time of the commission of the crime charged, and also advised the jury that if they should find that the defendant was forced by his co-defendants to participate in the robbery involved they should acquit the defendant.

The evidence was overwhelming as to the guilt of the defendant, and the jury by its verdict was of the opinion that the defendant was sane at the time of the commission of the crime charged, and that he voluntarily entered into the conjoint robbery with firearms. He might have been assessed the death penalty, but the jury, no doubt on account of the youthfulness of the defendant, was lenient. The evidence showed that the defendant had, prior to the crime charged, been convicted of other crimes, and had served a term in the penitentiary. His rights were protected at every stage of the proceedings. We find no error.

The verdict of the jury, and the judgment and sentence of the district court of Tulsa County are affirmed.

JONES and BRETT, JJ., concur.